(No. 27844.— ▉▉▉▉▉▉)

THE PEOPLE *ex rel.* Amante Rongetti, Appellant, *vs.* FRANK G. THOMPSON, Director of Registration and Education, Appellee.

*Opinion filed May 16, 1944.*

RAY E. LANE, of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Amante Rongetti filed a petition in the circuit court of Cook county for a writ of *mandamus* seeking to compel Frank G. Thompson, Director of the Department of Registration and Education, to expunge an order entered May 4, 1932, revoking the license of appellant, as a physician and surgeon, to practice medicine. It is alleged in the petition that the proceedings resulting in the revocation of appellant's license were held under section 60-c of the Civil Administrative Code, which was held unconstitutional by this court in *Schireson* v. *Walsh,* 354 Ill. 40. The Department, in its answer, sets forth a complete history of the case and insists that the proceedings were not carried on under the invalid section 60-c, but in accordance with the provisions of sections 16 and 17 of the Medical Practice Act, and also charges Rongetti with *laches.* The appellant, in his reply, denied that he was guilty of *laches* and reiterated his charge that the proceedings were carried on under the unconstitutional section 60-c of the Civil Administrative Code. The case was tried on the pleadings and the circuit court refused to issue the writ of *mandamus.* Under the terms of the statute, the appellant brings his appeal to this court.

The allegations of the Department, included in its answer and not denied in appellant's reply, disclose briefly that in February, 1928, the appellant was indicted and convicted of murder by criminal abortion and sentenced to death. Because of error in the record this court remanded the case for a new trial. A second trial found him guilty of manslaughter but he was again awarded a new trial. At the third trial he was found guilty of manslaughter and sentenced to the penitentiary on August 12, 1930. This judgment was affirmed and rehearing denied.

On October 2, 1930, the Department commenced a proceeding to revoke Rongetti's license. The notice to appellant stated that the investigation would be carried on in

conformity with the provisions of section 16a of chapter 91, and said section 60-c, chapter 127, of Smith-Hurd's 1929 Illinois Revised Statutes. It is because of this statement in the notice that appellant contends that all further proceedings were illegal and void. Hearings upon this complaint were never completed and it was considered abandoned.

. The admitted facts in the answer further show that on . October 1, 1931, an entirely new complaint was filed with the Department against Rongetti, stating that he had been convicted of a felony within the meaning of section 16a of chapter 91, of the said statutes.

Notice of a hearing on this second complaint was sent to appellant by registered mail and return receipt received, but he did not appear. On March 4, 1932, notice by registered mail was sent to Rongetti notifying him that the Medical Committee had recommended the revocation of his license to practice medicine. Return receipt showed that the notice was received at Leavenworth, Kansas. Rongetti then filed a petition for rehearing, and notice of the hearing on said petition was sent to him by registered mail. Rehearing was denied and an order entered by the Department revoking Rongetti's license to practice medicine. Copies of the citation, notices, registry receipts and orders entered in connection with this proceeding were all attached to the answer as exhibits and demonstrate conclusively that all the proceedings were in accordance with sections 16 and 17, chapter 91 of Smith-Hurd's 1929 Illinois Revised Statutes, and no mention of the invalid section 60-c was made in connection therewith. The claim that all proceedings are void because section 60-c had been declared unconstitutional is without any basis whatsoever. Full and complete notice of every affirmative move or step taken and of all of the hearings and rulings made by the Department were properly sent to and received by Rongetti. We hold them to be entirely regular and valid and in strict compliance with said statute.

There is no semblance of any clear legal right shown for a writ of *mandamus*. The circuit court of Cook county very properly denied the petition for the writ and its judgment is hereby affirmed.

*Judgment affirmed.*